IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LANCASTER GRAHAM, JR., | |
| Petitioner, | CIVIL ACTION NO.: 4:25-cv-89 |
| v. | |
| RICHARD S. COLEMAN, | |
| Respondent. | |

**O R D E R**

Before the Court is the Magistrate Judge's April 18, 2025 Report and Recommendation, (doc. 5), to which Petitioner Lancaster Graham, Jr. has objected, (doc. 6). After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation. The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 5), as its opinion. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**. (Doc. 1.)

As the Magistrate Judge explained, Lancaster Graham has a criminal prosecution pending in this Court. (See doc. 5, p. 1 (citing United States v. Graham, 4:24-cr-046, doc. 46 (S.D. Ga. Mar. 18, 2025) (scheduling trial)); see also 4:24-cr-046, doc. 55 (S.D. Ga. May 7, 2025) (notifying the Court of Defendant's intent to change his plea to guilty).) The Magistrate Judge also explained that § 2241 petitions filed during the pendency of a federal prosecution are "premature and . . . due to be dismissed." (Doc. 5, p. 3 (citing Garcon v. Palm Beach Cnty. Sheriff's Office, 291 F. App'x 225, 226 (11th Cir. 2008)).) Graham's Objection, which the Court notes was signed before his counsel in the criminal case notified the Court of his request to change his plea, does not dispute the Magistrate Judge's analysis at all. (See generally doc. 6.) The Objection simply reasserts

Graham's contention concerning the merits of his ineffective assistance claim. (See generally id.) Both the Eleventh Circuit and this Court have recognized that § 2241 petitions alleging constitutional violations in an ongoing prosecution were properly dismissed as premature. See, e.g., Jenkins v. United States District Court Southern District of Georgia, CV419-198, 2022 WL 2348698, at *1 (S.D. Ga. June 1, 2022), adopted 2022 WL 2346394 (S.D. Ga. June 29, 2022). The same disposition is appropriate here.

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 21st day of May, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA